| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF MASSACHUSETTS** | |
| Susan Searle<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>RGS Financial, Inc.,<br><br>　　　　　　　　　Defendant. | Civil Action No.:　1:13-cv-11916-FDS |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## FOR FAILURE TO STATE A CLAIM

Plaintiff files this memorandum in opposition to Defendant's motion to dismiss for failure to state a claim, stating:

### ISSUE

1.　The Plaintiff alleged in her Verified Complaint, violations of the Fair Credit Reporting Act ("FCRA") 15 USC § 1681 et seq; Massachusetts Fair Credit Reporting Act (M.G.L. c 93 § 50-68); Fair Debt Collection Practices Act ("FDCPA") 15 USC § 1692 et seq.; and Massachusetts Consumer Protection Act (M.G.L. c 93A § 2) et seq; by the Defendant's attempt to collect a consumer debt.

### GENERAL ARGUMENT

2.　The Plaintiff asserts in this memorandum that the Defendant inquired into the Plaintiff's credit report without qualifying both of the two elements pursuant to 15 USC § 1681b(a)(3)(A) which are required for the Defendant's inquiry to be for a permissible purpose.

> "To qualify under § 1681b(a), the 'credit transaction' must both (1) be 'a credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer.' Concluding that the transaction here involved the 'collection of an account,' the district court held that the statute authorized PCA to obtain Pinto's credit report. But the district court did not address whether the transaction was a 'credit transaction involving' Pintos. That may have been because *Hasbun* did not separately discuss that requirement, but our court has discussed it in other cases and it is clearly set out in the statute." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 672, 673 (9th Cir. 2010).

3.      Plaintiff was not involved in a credit transaction, nor connected to the collection of a judgment debt.

>   "Because the current case involves neither a transaction for which Pintos sought credit nor the collection of a judgment debt, we conclude that § 1681b(a)(3)(A) did not authorize PCA to obtain the credit report on Pintos." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 672, 673 (9th Cir. 2010).

4.      The Defendant has not proven that it owned or had previously owned any account of the Plaintiff's for lawful debt collection.

5.      The Defendant's argument that the Plaintiff failed to state a claim for which relief can be granted, is upon the basis that it was performing all of its debt collecting activities lawfully. If the Defendant's inquiry is not permissible, it is fair and reasonable to allege that the Defendant's inquiry is also in violation of the FDCPA, and M.G.L. c. 93A.

6.      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff, a court finds that Plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).

7.      A complaint will survive a motion under Fed. R. Civ. P. 12(b)(6) if it states plausible grounds for Plaintiff's allegations to raise a right to relief above the speculative level, *id.* at 1965. The issue before the Court upon consideration of such a motion is not whether Plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp 2d 562, 565 (E.D.N.Y. 2012) citing *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2nd Cir.2001). The Plaintiff believes she is entitled to offer evidence in support of the claims, which would permit the case further into discovery of any other facts that will lead to relief as a matter of law.

## CONCLUSION

8.      The Plaintiff's intentions in filing her verified complaint were to seek relief for violations that appeared reasonably clear to her, as a pro se Plaintiff. Plaintiff did not intend to make mechanistic, formulaic, conclusory, non-specific, bland, insufficient or any other deficient allegations of fact or law with the filing of her verified complaint, or this memorandum.

WHEREFORE, the Plaintiff moves the court to either, deny the Defendant's motion to dismiss for failure to state a claim, or if the court finds that the Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests the court grant leave to amend to clearly articulate any deficiencies identified by the court.

Dated: 11/29/2013

Respectfully Submitted,
By/_____
Susan Searle
9 Prospect St.

Merrimac, MA 01860  
RespondRS@gmail.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by certified mail receipt# 7012 3460 6003 4983 0958

to John J O'Connor Esq.

this 8th day of Dec. 2013.

*[signature]*

Susan Searle

9 Prospect St.

Merrimac, MA 01860

RespondRS@gmail.com

STATE OF MASSACHUSETTS

ESSEX COUNTY

BEFORE ME personally appeared Susan Searle who, being by me first duly sworn and identified in accordance with law, did execute the foregoing in my presence this 3rd day of Dec 2013

*[signature]*

Notary Public

My Commission Expires: 11/12/15