UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Susan Searle<br><br>　　　　　Plaintiff,<br>v.<br><br>RGS Financial, Inc.,<br><br>　　　　　Defendant. | Civil Action No.:   1:13-cv-11916-FDS |

### REPLY AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

1.　　The Plaintiff denies the first affirmative defense and demands strict proof. Please refer to the attached Exhibits, A, B, & C. Exhibit A is the inquiry portion of an Experian credit report listing the inquiry made into Plaintiff's credit report on 12/18/2012 by the Defendant. Exhibit B is the notice of dispute for items on the Plaintiff's Experian credit report, inclusive of the Defendant's inquiry. Exhibit C is the Commencing Lawsuit Notice dated 6/3/2013, delivery confirmed on 6/5/2013. Further, the Defendant, from the date of this reply's filing, has not responded to Exhibit C. Both Exhibits B & C, have certified mail receipts attached. For additional information in opposition to this affirmative defense, please review Memorandum In Opposition To Motion To Dismiss For Failure To State A Claim which has been filed with the court at the same time as this reply.

2.　　The Plaintiff denies the second affirmative defense and demands strict proof. The Plaintiff discovered her right of private action on 5/1/2013, this is within the Statute of Limitation pursuant to 15 U.S.C. § 1681p(1) and 15 U.S.C. § 1681p(2) for the FCRA, and 15

U.S.C. § 1692k(d) for the FDCPA. Regarding the FDCPA, "We have made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation, that is, "[f]ederal law determines when the limitations period begins to run, and the general federal rule is that `a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Mangum v. Action Collection Service, Inc.*, 575 F.3d 945 (9th Cir. 2009) citing *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir.1998) citing *Trotter v. Int'l Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir.1983).

3.  The Plaintiff denies the 3rd affirmative defense and demands strict proof. The procedural, jurisdictional pleading requirements that RGS references is under M.G.L. c. 93A § 9 (3), from which it is required that the claimant make a written demand for relief 30 days prior to filing the intended action, which includes the reason for the action. The Plaintiff asserts that she made a good faith effort by sending a Commencing Lawsuit Notice dated 6/3/2013 (See Exhibit C), illuminating the issue at hand, requesting settlement outside the court, and the Defendant remained unresponsive, uninterested and intent upon ignoring the Plaintiff, until the filing of the Verified Lawsuit on 8/9/2013. The Defendant estops itself from the effectiveness of this affirmative defense for the foregoing reasons.

4.  The Plaintiff denies the fourth affirmative defense and demands strict proof. For further directed information as to the reason to deny this affirmative defense, please review Plaintiff's Memorandum In Opposition To Motion To Dismiss For Failure To State A Claim (Paragraphs 2-3), filed at the same time as this reply.

5. The Plaintiff denies the fifth affirmative defense and demands strict proof. The Plaintiff asserts that the Plaintiff has incurred statutory damages (Refer to page 6 of verified complaint).

6. The Plaintiff denies the sixth affirmative defense and demands strict proof. Pursuant to 15 U.S.C. § 1692k(c) the debt collector must show "...by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.". The Defendant has not shown the court any evidence to support this affirmative defense.

7. Further, with regard to bona fide errors "To effectuate the FDCPA's remedial purpose, most courts interpret the bona fide error defense narrowly. *Spencer*, 81 F.Supp.2d at 591. Accordingly, the defense typically only applies to clerical mistakes. *Id.; see also Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992) (recognizing that "[g]enerally the term `error' is limited to clerical mistakes, such as a minor numerical mistake in transposing numbers."). Under this section, RMA bears the burden of proof." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 503 (D. Md. 2004). The Defendant RGS, in this case similarly, has the burden of proof.

8. The Plaintiff denies the seventh affirmative defense and demands strict proof. For supplement reasoning refer to <u>Memorandum In Opposition To Motion To Dismiss For Failure To State A Claim</u>, filed at the same time as this reply.

9. The Plaintiff denies the eighth affirmative defense and demands strict proof. The Plaintiff asserts as for the defense 'for failure to mitigate', that the verified complaint filed with the court on 8/9/2013 against the Defendant, is the Plaintiff's attempt to mitigate any further damages that may be committed by the Defendant. The Plaintiff asserts that the Defendant did know that the

Plaintiff would file suit sooner or later (See Exhibit C) and the Plaintiff asserts that the discovery of the alleged violations occurred on 5/1/2013, and she filed suit timely on 8/9/2013, which denies the applicability of laches in this case. Further, it is also well established that "the doctrine of laches is inapplicable when Congress has provided a statute of limitations to govern the action." *U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 921 n. 10 (9th Cir.2009), citing *United States v. Jacobo Castillo*, 496 F.3d 947, 952 n. 1 (9th Cir.2007) (alteration in original). The Plaintiff asserts that the Doctrines of Waiver is insufficient because the 3 elements: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) actual intent to relinquish the right, which can be inferred from conduct; have not been proven by evidence nor established as facts.

10.     The Plaintiff moves the court to strike Defendant's affirmative defenses, one, two, three, four, five, six, seven & eight, for the foregoing reasons.

11.     The Plaintiff moves the court to take judicial notice that the Defendant's Answer filed on 11/19/2013, is not verified under oath. The Plaintiff's complaint is a verified complaint and believes that verifying the complaint adds credibility, and is an extra measure for this court to hear the truth.

WHEREFORE, if the court finds that the Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests the court grant leave to amend to clearly articulate any deficiencies identified by the court.

Dated: 11/29/2013

Respectfully Submitted,
By: _____
Susan Searle

9 Prospect St.
Merrimac, MA 01860
RespondRS@gmail.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by certified mail receipt# ___7012 3460 0003 4983 0958___

to ___John T. O'Connor Esq.___

this ___4th___ day of ___Dec___ 20___13___.

_____
Susan Searle

9 Prospect St.

Merrimac, MA 01860

RespondRS@gmail.com

STATE OF MASSACHUSETTS

ESSEX COUNTY

BEFORE ME personally appeared Susan Searle who, being by me first duly sworn and identified in accordance with law, did execute the foregoing in my presence this ___3rd___ day of ___Dec.___ 20___13___.

_____
Notary Public

My Commission Expires: ___11/12/15___