**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SUSAN SEARLE,**<br>**Plaintiff,**<br>**v.**<br>**RGS FINANCIAL, INC.,**<br>**Defendant.** | ) | **Civil No.**<br>**13-11916-FDS** |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE**

**SAYLOR, J.**

This is a case arising out of an allegedly unlawful credit report inquiry. Plaintiff Susan Searle has brought this suit *pro se* against defendant RGS Financial, Inc., asserting claims under (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10); (2) the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681(a)(2); and (4) the Massachusetts Fair Credit Reporting Act, Mass. Gen. Laws ch. 93, §§ 50-68. She contends that defendant made an unauthorized inquiry into her credit. Defendant has moved to dismiss, contending that the complaint does not state a claim. Plaintiff has moved to strike the affirmative defenses asserted by defendant in its answer to the complaint.

For the following reasons, defendant's motion to dismiss will be denied as to the FCRA and MFCRA claims, and denied without prejudice as to the FDCPA and MCPA claims. Plaintiff will have fourteen days from the date of this order to amend the complaint. Plaintiff's motion to strike will be denied.

# I. Background

## A. Factual Background

The relevant facts are set forth below as alleged in the complaint.

Susan Searle is a resident of Merrimac, Massachusetts. RGS Financial, Inc. is a debt-collection agency in Texas.

On December 18, 2012, RGS made an inquiry into Searle's credit with Experian, a credit-reporting agency. RGS made the inquiry in an attempt to collect a debt. Searle disputed that inquiry on May 25, 2013. Searle contends that RGS made false representations to Experian to make an inquiry into her credit.

Searle sent RGS a notice of lawsuit on June 1, 2013. RGS did not reply.

Searle and RGS had never had any interactions before the events described above. Searle has neither received a credit offer from nor requested credit from RGS.

## B. Procedural Background

On August 9, 2013, plaintiff, proceeding *pro se*, filed this case. The complaint alleges violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10); (2) the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681(a)(2); and (4) the Massachusetts Fair Credit Reporting Act, Mass. Gen. Laws ch. 93, §§ 50-68.

Defendant has moved to dismiss the complaint for failure to state a claim.[1]

---

[1] On December 6, 2013, plaintiff moved to strike the affirmative defenses pleaded in defendant's answer. She contends they should be struck because there is no evidence to support them. However, "the function of a pleading in federal practice is to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader." 5 Charles A. Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1182 (3d ed.). A defendant need not provide evidence for the affirmative defenses in its answer to the complaint. Accordingly, plaintiff's motion to strike will be denied.

## II. Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III. Analysis

### A. FCRA and MFCRA Claims

The FCRA and its state counterpart, the MFCRA, prohibit a consumer-reporting agency from furnishing a consumer report for any purpose other than those permitted by statute. 15 U.S.C. § 1681b(a); Mass. Gen. Laws ch. 93, § 51.

Both the FCRA and the MFCRA explicitly allow a consumer-reporting agency to furnish a consumer report to a person when it reasonably believes "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be

furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 18 U.S.C. § 1681b(a)(3)(A); Mass. Gen. Laws ch. 93, § 51(a)(3)(i). The complaint alleges that defendant accessed plaintiff's credit report in order to collect a debt, which is generally permissible under both statutes.

However, the complaint also alleges that plaintiff "holds no obligation of any kind to the [d]efendant." (Compl. ¶ 19). It also alleges that plaintiff "has not been offered credit by the [d]efendant" and "has not requested credit from the [d]efendant." (Compl. ¶¶ 17-18). A credit inquiry is only permissible under § 1681b(a)(3)(A) if it the requestor "intends to use the information in connection with a credit transaction *involving the collection of an account of*[] *the consumer*." 18 U.S.C. § 1681b(a)(3)(A) (emphasis added); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 674-75 (9th Cir. 2009) (holding that credit checks under § 1681b(a)(3)(A) are authorized only when the person whose credit is being checked is drawn in as a participant); *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005) (credit report request is proper "only if the consumer initiates the transaction"). Assuming the truth of the allegations in the complaint, plaintiff was not "involved in" the debt-collection credit transaction defendant used to access her credit report.

It is possible, of course, that defendant is an agent of a valid creditor, or acquired one of plaintiff's debts from a third party and inquired into her credit to collect that debt. Defendant at this stage has made no allegations as to why any such inquiry was made. To show it was properly inquiring into plaintiff's credit, defendant would only need to provide evidence, at a later stage of the litigation, that it was doing so when attempting to collect one of plaintiff's debts. *See* 18 U.S.C. § 1681b(a)(3)(A). However, on a motion to dismiss, courts "must at this

juncture indulge all inferences in favor" of plaintiff. *Jordan v. Carter*, 428 F.3d 67, 74 (1st Cir. 2005); *see also Ashcroft*, 556 U.S. at 678 (surviving a motion to dismiss only requires more than the "sheer possibility" of relief). As the complaint alleges that plaintiff does not owe defendant a debt, the motion to dismiss will be denied.

**B. <u>FDCPA and MCPA Claims</u>**

The FDCPA, in relevant part, prohibits debt collectors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The MCPA claim is premised on the unfair or deceptive practices underlying the FDCPA claim. *See* Mass. Gen. Laws ch. 93A, § 2.

The complaint alleges that defendant looked at plaintiff's credit report in "an attempt to collect a debt." (Compl. ¶ 15). It also alleges that defendant "falsely represented information to [Experian], in order to make an [i]nquiry into the [p]laintiff's [c]redit [r]eport," (Compl. ¶ 10), and that defendant "employed unfair, deceptive acts to collect a debt." (Compl. ¶ 26).

Assuming the truth of the allegations in the complaint, it is reasonable to infer that plaintiff alleges that defendant accessed her credit report by falsely informing Experian that it was collecting a debt she owed to it. *See Jordan*,428 F.3d at 74 (on a motion to dismiss, courts must indulge all inferences in favor of the plaintiff). However, under Fed. R. Civ. P. 9(b), a plaintiff must "state with particularity the circumstances constituting fraud." Under that heightened pleading requirement, a complaint must state the time, place, and content of the alleged false or fraudulent representations to state a claim for fraud. *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 190-91 (1st Cir. 2006). The complaint does not allege the time, place, or contents

of defendant's alleged misrepresentations, and thus fails to satisfy the Rule 9(b) standard.

However, plaintiff has specifically requested, in her opposition to defendant's motion, leave to file an amended complaint. Given the early stage of the proceeding, the Court will grant plaintiff an opportunity to amend her complaint to restate the factual basis for her claim. *See* Fed. R. Civ. P. 15(a)(2). If plaintiff is unable to make plausible allegations regarding the time, place, and contents of the alleged misrepresentations, the FDCPA and MCRA claims will be dismissed. Defendant's motion to dismiss will be denied without prejudice as to those claims and may be renewed with respect to the amended complaint.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED as to the FCRA and MCRA claims, and DENIED without prejudice as to the FDCPA and MCRA claims. Plaintiff is granted leave to file an amended complaint within 14 days of this order. Plaintiff's motion to strike is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 13, 2014