UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Susan Searle<br><br>        Plaintiff,<br>v.<br><br>RGS Financial, Inc.,<br><br>        Defendant. | Civil Action No.: 1:13-cv-11916-FDS<br><br><br>**1st AMENDED VERIFIED COMPLAINT** |

Plaintiff Susan Searle sues Defendant RGS Financial, Inc. for pecuniary damages, punitive damages, as well as other relief and states:

## JURISDICTION

1. This action arises out of the Defendant's violations of the Fair Credit Reporting Act (FCRA) 15 USC § 1681 et seq; Massachusetts Fair Credit Reporting Act (MGL c. 93 § 50-68) et seq; Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 et seq.; and Massachusetts Consumer Protection Act (MGL c. 93A § 2) et seq; by the Defendant's attempts to collect a consumer debt.

2. Jurisdiction of this court arises under 28 USC § 1331, and 15 USC § 1692k(d).

3. Venue is proper in this District pursuant to 28 USC § 1391(b), in that the Plaintiff resides in this District, the Defendant transacts business in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

4. This Court has jurisdiction.

## PARTIES

5. The Plaintiff, Susan Searle ("Plaintiff"), is an adult individual residing in Merrimac, Massachusetts, and is a "consumer" as the term is defined by 15 USC § 1692a(3).

6. The Defendant, RGS Financial Inc. ("RGS"), is a Texas business entity that is registered to do business in Massachusetts with principle address of 1700 Jay Ell Dr., Suite 200, Richardson, TX 75081.

7. Defendant regularly uses the mail, telephone and electronics devices in a business with the principal purpose of which is the collection of debts.

8. Defendant regularly makes inquiries into credit reporting agencies, the primary purpose of which is debt collection.

9. Defendant regularly collects or attempts to collect debts for other parties.

10. Defendant is a "debt collector" as the term is defined by 15 USC § 1692a(6).

11. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Plaintiff reviewed a copy of her Credit Report from Experian ("Credit Report"), a credit reporting agency.

## PARTIES

5. The Plaintiff, Susan Searle ("Plaintiff"), is an adult individual residing in Merrimac, Massachusetts, and is a "consumer" as the term is defined by 15 USC § 1692a(3).

6. The Defendant, RGS Financial Inc. ("RGS"), is a Texas business entity that is registered to do business in Massachusetts with principle address of 1700 Jay Ell Dr., Suite 200, Richardson, TX 75081.

7. Defendant regularly uses the mail, telephone and electronics devices in a business with the principal purpose of which is the collection of debts.

8. Defendant regularly makes inquiries into credit reporting agencies, the primary purpose of which is debt collection.

9. Defendant regularly collects or attempts to collect debts for other parties.

10. Defendant is a "debt collector" as the term is defined by 15 USC § 1692a(6).

11. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Plaintiff reviewed a copy of her Credit Report from Experian ("Credit Report"), a credit reporting agency.

14. The Defendant made a Credit Report Inquiry ("Inquiry") into the Plaintiff's Credit Report on 12/18/2012. (See Exhibit A)

15. The Defendant did not ask for the Plaintiff's permission to inquire into her Credit Report.

16. The Plaintiff did not authorize the Defendant to inquire into her Credit Report.

17. The Defendant's Inquiry, which occurred on 12/18/2012, obtained information concerning the Plaintiff, by way of gaining access to Experian's Consumer Information Database(s) ("Experian's Databases").

18. The Defendant gained access to Experian's Databases without a permissible purpose, which therefore mislead and falsely represented to Experian, the Defendant's Inquiry as for a permissible purpose.

19. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

20. The Defendant's Inquiry is a means to attempt to collect a debt.

21. The Plaintiff discovered her right to sue on 5/1/2013.

22. The Plaintiff disputed the Defendant's Inquiry with Experian dated 5/25/2013. (See Exhibit B)

23. The Plaintiff sent the Defendant a Commencing Lawsuit Notice dated 6/1/2013. (See Exhibit C)

24. The Defendant is unresponsive to the Plaintiff's Commencing Lawsuit Notice as of the first filing of the original Verified Complaint on 8/9/2013.

25. The Plaintiff has not communicated with the Defendant prior to the sending of the Commencing Lawsuit Notice.

26. The Plaintiff does not have any obligation to the Defendant.

27. The Plaintiff does not have any contract with the Defendant.

28. The Plaintiff has not requested credit from the Defendant.

29. The Plaintiff has not been offered credit by the Defendant.

30. The Defendant has been unwilling to settle this case for a reasonable monetary amount as of the filing of this 1st amended verified complaint.

31. All Counts are within the Statute of Limitations.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 USC § 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant's conduct violated 15 USC § 1692e(10) in that the Defendant employed false representation and deceptive means to attempt to collect a debt.

34. The Defendant's conduct violated 15 USC § 1692e(10) in that the Defendant used false representation and deceptive means to obtain information concerning a consumer.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, MGL c. 93A § 2, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendant employed unfair, deceptive acts to collect a debt, in violation of MGL c. 93A § 2.

37. The Defendant's failure to comply with these provisions constitute unfair and deceptive acts under MGL c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages as well as reasonable attorney's fees.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages, as well as reasonable attorney's fees against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 USC § 1681, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendant's conduct willfully and negligently violated 15 USC § 1681b(a)(2) in that the Defendant made an Inquiry into the Plaintiff's Credit Report without a Permissible purpose.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT
## MGL c. 93 § 50-68, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendant's conduct willfully and negligently violated MGL c. 93 § 68 in that the Defendant failed to comply with the provisions of Sections fifty through sixty-seven of said chapter, and that constitutes Unfair Trade Practice.

42. The Defendant's failure to comply with these provisions constitutes willful and negligent non-compliance for Unfair Trade Practices, under MGL c. 93 § 63 and MGL c. 93 § 64, as such this entitles Plaintiff to double or treble damages as well as reasonable attorney's fees.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages, as well as reasonable attorney's fees against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands that judgment be entered against the Defendant for:

1. Statutory damages of $1,000.00 for violations pursuant to 15 USC § 1692k(a)(2)(A);

2. Statutory damages of $1,000.00 for violations pursuant to 15 USC § 1681n(b);

3. Punitive damages pursuant to 15 USC § 1681n(a)(2);

4. Double or treble damages as well as reasonable attorney's fees pursuant to MGL c. 93A § 9(3)(A);

5. Costs of litigation and reasonable attorney's fees pursuant to 15 USC § 1692k(a)(3);

6. Removal of Defendant's Inquiry from the Plaintiffs Credit Report; and

7. Together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Amended Date: 3/3/2014

Respectfully Submitted,
By: _____
Susan Searle
9 Prospect St.
Merrimac, MA 01860
RespondRS@gmail.com

**VERIFICATION**

STATE OF MASSACHUSETTS

COUNTY OF ESSEX

BEFORE ME personally appeared Susan Searle who, being by me first duly sworn and identified in accordance with Massachusetts law, deposes and says:

1. My name is Susan Searle, Plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Susan Searle, Affiant

SWORN TO and subscribed before me this 5th day of March 2014.

_____
Notary Public
My Commission Expires: 9/5/14

**EXHIBIT A**

Experian - Filename Free Request

**Exhibit A** page 1 of 2

Address Identification Number: ▮

Status: ▮   Status Details: ▮

Date Opened: ▮   Type: ▮   Credit Limit/Original Amount: ▮

Reported Since: ▮   Terms: ▮   High Balance: ▮

Date of Status: ▮   Monthly Payment: ▮   Recent Balance: ▮

Last Reported: ▮   Responsibility: ▮   Recent Payment: ▮

Creditor's Statement: ▮

Payment History: ▮

## Record of Requests for Your Credit History

back to top

### Inquiries Shared With Others

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

The section below lists all of the companies that have requested your credit history as a result of action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Address: ▮

Date of Request: ▮

Address Identification Number: ▮

Comments: ▮

### Inquiries Shared Only With You

*Exhibit A   Page 2 of 2*

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and we do not include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, for example to:

- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (data listed may reflect only the most recent request);
- an end user to complete your mortgage loan application.

These inquiries do not affect your credit score.



**RGS FINANCIAL INC**

Address:
1700 JAY ELL DR STE 200
RICHARDSON TX 75081
No phone number available

Date of Request:
12/18/2012

Address:

Date of Request:

Address:

Date of Request:

Address:

Date of Request:

Address:

Date of Request:

**EXHIBIT B**

Susan Searle  
9 Prospect St.  
Merrimac, MA 01860

5/25/2013

Experian  
PO Box 9701  
Allen, TX 75013  
Attn: Legal Department

I am disputing the following items for legitimacy and accuracy, which coincidentally are violations of Federal FCRA and M.G.L. FCRA Consumer Protection Statutes, et al:

1.
2.
3.
4.
5.

I did not authorize the following inquiries, nor had I been involved in any extension of credit for the following. I know and believe that they were not obtained with a permissible purpose. Please remove them.

1.                                      Inquired on _____  
2. RGS FINANCIAL INC              Inquired on **12/18/2012**  
3.                                      Inquired or.  
4.                                    Inquired on ----  
5.                                    Inquired c.  
6.                                    Inquired on  
7.                                    Inquired or  
8.                                    Inquired on :  
9.                                    Inquired on _____

Please provide me with a description of the reinvestigation procedure for all items. Please provide me with the source of information for all items. Please send me all the information in my consumer file, so I may accurately document all necessary proceedings. Please send me an updated copy of my credit report.  
I intend to pursue legal action if the above mentioned information is not corrected to maximum accuracy as required by law. Thank you for your cooperation in advance.

Sincerely,

Susan Searle  
SSN#  
MA Drivers License#.  
***(I am unable to provide photo copies of these at this time due to hardship)***



**EXHIBIT C**

Susan Searle   6/3/2013
9 Prospect St.
Merrimac, MA 01860

RGS Financial Inc.
1700 Jay Ell Dr.
STE 200
Richardson, TX 75081

## Commencing Lawsuit Notice

To whom it may concern at RGS Financial, Inc.,

I send this letter prior to filing a lawsuit against you. This is your opportunity to remedy violations of the Fair Credit Reporting Act (FCRA) 15 USC § 1681 et seq; Massachusetts Fair Credit Reporting Act (M.G.L. c 93 § 50-68); Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 et seq.; and Massachusetts Consumer Protection Act (M.G.L. c 93A § 2) et seq.

    I recently reviewed a copy of my Experian Credit Report which showed a credit inquiry by your company that I did not knowingly authorize. I understand that you are not authorized to inquire into any of my credit reports without a permissible purpose. The inquiry was made on 12/18/2012.

    You have my absolute full attention from this moment forward, and if you do not correspond promptly, I fully intend to pursue my remedy in federal court within 15 days from the date I receive the Certified Mail return receipt. Refer to the draft Complaint I have provided for your understanding.

## Administrator Notice

For the respectful consideration of settlement outside of court, call my Financial Administrator Ryan Searle at 978-423-5337, during the reasonable business hours of 3:30pm to 8:30pm EST; or email him directly at any time at RespondRS@gmail.com. I have empowered him to conduct settlement and payment of this/and any other matter that may arise between us. You are instructed not to use this phone number or email address for any other purpose except to address and settle the foregoing.

Sincerely,

Susan Searle



COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

On this 5th day of March 2014, before me, the undersigned notary public, personally appeared Susan Searle proved to me through satisfactory evidence of identification, which was client (source of identification), to be the person whose name is signed on the proceeding or attached document, and acknowledged to me that he/she signed it as his/her free act and deed.

Notary Public: *Joanne M. McWhirter*
My Commission Expires: 9/5/14



JOHN J. O'Connor, Esq.
Peabody & Arnold LLP
600 Atlantic Ave
Boston MA 02210

5th day of Mar., 2014

Susan Searle