UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUSAN SEARLE,

        Plaintiff,

v.

RGS FINANCIAL, INC.,

        Defendant.

CIVIL ACTION NO. 1:13-cv-11916-FDS

## ANSWER TO FIRST AMENDED COMPLAINT

The defendant RGS Financial, Inc. ("RGS") answers the plaintiff's first amended complaint as follows:

### JURISDICTION

1. RGS admits attempting to collect a debt, but denies the remaining allegations contained in this paragraph.

2. RGS denies the allegations contained in this paragraph.

3. RGS denies the allegations contained in this paragraph.

4. RGS denies the allegations contained in this paragraph.

### PARTIES

5. RGS admits the plaintiff lives in Merrimac, but denies the remaining allegations in this paragraph.

6. RGS admits that it has a place of business in Texas and that it is registered to do business in Massachusetts, but denies the remaining allegations contained in this paragraph.

7. RGS denies the allegations contained in this paragraph.

8. RGS denies the allegations contained in this paragraph.

9. RGS denies the allegations contained in this paragraph.

10. RGS denies the allegations contained in this paragraph.

11.     RGS admits the allegations contained in this paragraph, and admits it was attempting to collect an unpaid debt owed by the plaintiff.

## FACTUAL ALLEGATIONS

12.     RGS repeats and incorporates all of its prior responses.

13.     RGS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     RGS admits it reviewed the plaintiff's credit history for the permissible purpose of debt collection, but denies the remaining allegations contained in this paragraph.

15.     RGS admits it reviewed the plaintiff's credit history for the permissible purpose of debt collection, but denies the remaining allegations contained in this paragraph.

16.     RGS admits it reviewed the plaintiff's credit history for the permissible purpose of debt collection, but denies the remaining allegations contained in this paragraph.

17.     RGS admits it reviewed the plaintiff's credit history for the permissible purpose of debt collection, but denies the remaining allegations contained in this paragraph.

18.     RGS denies the allegations contained in this paragraph.

19.     RGS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     RGS denies the allegations contained in this paragraph.

21.     RGS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     RGS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     RGS denies the allegations contained in this paragraph.

24.     RGS denies the allegations contained in this paragraph.

25.     RGS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     RGS denies the allegations contained in this paragraph.

27.     RGS admits the allegations contained in this paragraph.

28.     RGS admits the allegations contained in this paragraph.

29.     RGS admits the allegations contained in this paragraph.

30. RGS denies the allegations contained in this paragraph.

31. RGS denies the allegations contained in this paragraph.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 USC § 1692, et seq.

32. RGS repeats and incorporates all of its prior responses.

33. RGS denies the allegations contained in this paragraph.

34. RGS denies the allegations contained in this paragraph.

## COUNT II

## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. C. 93A § 2, et seq.

35. RGS repeats and incorporates all of its prior responses.

36. RGS denies the allegations contained in this paragraph.

37. RGS denies the allegations contained in this paragraph.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 USC § 1681, et seq.

38. RGS repeats and incorporates all of its prior responses.

39. RGS denies the allegations contained in this paragraph.

## COUNT IV

## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING MGL C. 93 § 50-68, et seq.

40. RGS repeats and incorporates all of its prior responses.

41. RGS denies the allegations contained in this paragraph.

42. RGS denies the allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

### First

RGS says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### Second

RGS says that all claims are barred by the relevant statutes of limitation.

### Third

RGS says that the complaint should be dismissed for failure to comply with the procedural requirements of G.L. c. 93A.  RGS further says that its conduct at all times was neither deceptive nor unfair.

### Fourth

RGS says that its actions as to the plaintiff's credit history were authorized by law and were for a permissible purpose.

### Fifth

RGS says that the complaint should be dismissed insofar as the Plaintiff has suffered no damages.

### Sixth

RGS states that any alleged violation occurred as the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### Seventh

RGS says that all claims are barred as a matter of fact and law for the reasons given in its motion to dismiss.

### Eighth

RGS says that all claims are barred by the plaintiff's failure to mitigate, and by the doctrines of waiver, estoppel, ratification, and laches.

For the foregoing reasons, the defendant requests that the Court dismiss all claims with prejudice, award it all of its attorneys' fees and costs, and grant such other and further relief as may be just.

                                      RGS FINANCIAL, INC.
                                      By its attorneys,

                                      /s/ John J. O'Connor
                                      John J. O'Connor
                                      B.B.O. No. 555251
                                      PEABODY & ARNOLD LLP
                                      Federal Reserve Plaza
                                      600 Atlantic Avenue
                                      Boston, MA 02210-2261
                                      (617) 951.2100
                                      joconnor@peabodyarnold.com

## **CERTIFICATE OF SERVICE**

  I, John J. O'Connor, do hereby certify that I have, this 14th day of March, 2014, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF).

            /s/ John J. O'Connor
            John J. O'Connor

817530_1
15998-97842